This is an appeal from an order entered July 24, 1936, in the above entitled estate, adjudicating that no inheritance tax is due the state of Washington.
The decedent left a will, containing the following clause:
"I give, devise and bequeath all my property, owned by me at the time of my death, both real and personal of every kind and nature whatsoever, to my husband, Jacob B. Gochnour, of Montesano, Grays Harbor County, Washington, with full power to alienate the same for his use and benefit during his natural life, and I direct that at the death of my said husband, Jacob B. Gochnour, all of my said property, real and personal, or the proceeds thereof, then remaining, go and be distributed to my nieces and sister . . ."
The supervisor of the inheritance tax division contends that this provision devises a life estate to Jacob B. Gochnour, with a vested remainder to decedent's sister and nieces; that the remainder is presently subject to inheritance tax under Laws of 1935, chapter 180, § 112, p. 782 (Rem. Rev. Stat. (Sup.), § 11205 [P.C. § 7030-172]).
[1] By the terms of the will, under the great weight of authority, Jacob B. Gochnour takes a life estate, with vested remainder to the decedent's sister and nieces, notwithstanding his absolute power of disposal during his lifetime. Ball v.Holland, 189 Mass. 369, 75 N.E. 713, 1 L.R.A. (N.S.) 1005 (note); Steiff v. Seibert, 128 Iowa 746, 105 N.W. 328, 6 L.R.A. *Page 94 
(N.S.) 1186 (note); Chewning v. Mason, 158 N.C. 578,74 S.E. 357, 39 L.R.A. (N.S.) 805 (note). See, also, Annotations, 36 A.L.R. 1180; 76 A.L.R. 1154. And this court, in the case ofPorter v. Wheeler, 131 Wn. 482, 230 P. 640, held that a residuary devise and bequest to a wife of property
"`. . . to be used and enjoyed by her during her lifetime; and at her death, . . . all of said property not used for her support and comfort, go to my said son,'"
does not vest absolute ownership in the wife to property not used by her, nor entitle her to will the balance remaining. Of the rights of the remainderman, without discussing whether the remainder was vested or contingent, the court said:
"We are of the opinion, therefore, that the plaintiff is entitled to be decreed to be the owner of all the property of which Mary Wheeler Porter took such life-time use of and interest in under the will of Nathan S. Porter, in so far as that property has not been consumed in and is not now burdened with obligations growing out of its use for her support and comfort during her lifetime."
[2] After making allowable deductions, the value of Mrs. Gochnour's estate is $9,369. Mr. Gochnour being sixty-four years old at the time of her death, the present worth of his life interest in the estate, computed in accordance with the provisions of Laws of 1935, chapter 180, § 112, p. 782 (Rem. Rev. Stat. (Sup.), § 11205), is $3,053.86. Assuming the remainder to be vested, the present taxable value of the interest of the remaindermen, under the provisions of Laws of 1935, chapter 180, § 112, p. 782 (Rem. Rev. Stat. (Sup.), § 11205), is $6,315.14, unless the estate is exempt from taxation under Laws of 1935, chapter 180, § 106, p. 770 (Rem. Rev. Stat. (Sup.), § 11202 [P.C. § 7030-166]). *Page 95 
Respondent contends, and the trial court held, that, since the entire estate passing under the will is less than ten thousand dollars, and since the entire estate goes to the husband of deceased "for his use and benefit during his natural life," it is exempt from inheritance tax under the express terms of Laws of 1935, chapter 180, § 106, p. 770 (Rem. Rev. Stat. (Sup.), § 11202). The pertinent provisions of that section are:
"An inheritance tax shall be imposed on all estates subject to this act and other inheritance tax acts of the State of Washington, at the following rates:
"Class A. Any devise, bequest, legacy, gift or beneficialinterest to any property or income therefrom which shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child or stepchild, or any lineal descendant of the deceased is hereby denominated as class A. On any amount passing to class A in excess of $10,000 up to and including $25,000, 1%; . . ."
The statute, it seems to us, is not susceptible to the construction that the husband must take a fee or acquire an absolute ownership of the property devised, in order to be entitled to the exemption of ten thousand dollars. To so construe it would, at least partially, defeat the express purpose of the statute as manifested in the italicized portion of the above quotation. For, to the extent of the amount of the tax claimed on the remainder ($631.51), respondent would be deprived of the "use and benefit" of the property devised, and consequently be denied the full exemption allowed by the statute.
Since the estate amounts to less than ten thousand dollars, and since the "property or income therefrom" passes under the will "for the use and benefit" of the husband of the deceased, it is not subject to inheritance tax. *Page 96 
 [3] Appellant makes the further contention that on October 5, 1934, the court entered an order which, in effect, adjudicated the state's right to collect an inheritance tax from the estate. We do not so read the order. It was adjudged that "the entire estate . . . is presently subject to an inheritance tax lessexemptions if allowed by law." By its express terms, the order reserved the question presented on this appeal.
Judgment affirmed.
STEINERT, C.J., MAIN, HOLCOMB, and SIMPSON, JJ., concur.