[No. 27327. Department Two. March 13, 1939.]

*In the Matter of the Estate of* ERIK HALLSTROM, *Deceased.*

THE STATE OF WASHINGTON, *by Robt. F. Waldron, as Supervisor of the State Inheritance Tax and Escheat Division, Appellant,* v. ANNA MARY HALLSTROM, *as Executrix, et al., Respondents.*[1]

*Robt. F. Waldron, John M. Boyle, Jr.,* and *Charles Snyder,* for appellant.

*Berkey & Cowan* and *Williams & Redfield,* for respondents.

[1]Reported in 88 P. (2d) 405.

GERAGHTY, J.—Erik Hallstrom died testate, leaving an estate of the net value of $3,350.51 after payment of the expenses of administration. His will provided:

"FIRST: I give, bequeath and devise unto my wife, Anna Mary Hallstrom, the use and possession, rents, issues and profits of all of my property and estate of every kind and wherever situated, during her lifetime.

"SECOND: In the event I shall survive my said wife, or upon her death after me, I give, bequeath and devise my estate as follows:

"I give and bequeath unto Augustana Pension and Aid Fund, of Des Moines, Iowa, the sum of One Thousand ($1000.00) Dollars.

"I give and bequeath unto each of the living issue of my cousin, Erik Johnson, of Sund, Norrala Soderhamn, Sweden, One Thousand (1,000) crowns, Swedish money.

"I give, bequeath and devise all of the rest, residue and remainder of the estate to my sister-in-law, Laura Anderson, and to her living issue, share and share alike."

The supervisor of the inheritance tax and escheat division filed in the probate proceeding his finding of the net value of the estate, and petitioned that the value of the estate passing to the remaindermen be determined as provided in Rem. Rev. Stat. (Sup.), § 11205 [P. C. § 7030-172] (Laws of 1935, chapter 180, p. 782, § 112); and that it be adjudged that the remainder is subject to an inheritance tax at the rate of ten per cent, as provided in Rem. Rev. Stat. (Sup.), § 11202 [P. C. § 7030-166], Class C (Laws of 1935, chapter 180, p. 770, § 106).

The beneficiaries named in the will filed objections to the finding and petition of the supervisor upon the ground that the estate devised to the widow for life, being of the value of less than ten thousand dollars, was exempt from inheritance tax under Rem. Rev.

Stat. (Sup.), § 11202, Class A. The superior court, sustaining the objections, entered an order finding that no inheritance tax was payable to the state. The supervisor appeals.

The trial court was of the opinion that the case was controlled by *In re Gochnour's Estate,* 192 Wash. 92, 72 P. (2d) 1027. In that case, a wife left a net estate of less than ten thousand dollars to her husband, " 'with full power to alienate the same for his use and benefit during his natural life,' " with the remainder, at his death, to her sister and nieces. An order of the superior court, holding the estate exempt from taxation under the terms of Rem. Rev. Stat. (Sup.), § 11202, Class A, was affirmed on appeal. The pertinent provisions of that section are:

" 'An inheritance tax shall be imposed on all estates subject to this act and other inheritance tax acts of the State of Washington, at the following rates:

" 'Class A. Any devise, bequest, legacy, gift *or beneficial interest to any property or income therefrom which shall pass* to or *for the use or benefit* of any grandfather, grandmother, father, mother, *husband,* wife, child or stepchild, or any lineal descendant of the deceased is hereby denominated as class A. On any amount passing to class A in excess of $10,000 up to and including $25,000, 1%; . . . ' "

Construing these provisions, the court said in the *Gochnour* case:

"The statute, it seems to us, is not susceptible to the construction that the husband must take a fee or acquire an absolute ownership of the property devised, in order to be entitled to the exemption of ten thousand dollars. To so construe it would, at least partially, defeat the express purpose of the statute as manifested in the italicized portion of the above quotation. For, to the extent of the amount of the tax claimed on the remainder ($631.51), respondent would be deprived of the 'use and benefit' of the property

devised, and consequently be denied the full exemption allowed by the statute."

The appellant argues that the facts in the present case are different, in that the life tenant is not, in terms, given the right to alienate any part of the estate.

Assuming that, under the will, the life tenant may not alienate, we think the same principle is involved in both cases. In the *Gochnour* case, the life tenant's right to " 'alienate the same for his use and benefit during his natural life' " would have been diminished to the extent of so much of the estate as would be required to pay the tax. Here, the right to "the use and possession" would be impaired and "the rents, issues and profits" necessarily diminished by the withdrawal from the estate of so much of its assets as would be required to pay the tax, with the resultant denial of the full exemption allowed by the statute.

The judgment is affirmed.

BLAKE, C. J., BEALS, MILLARD, and SIMPSON, JJ., concur.