[No. 27405. Department Two. August 4, 1939.]

*In the Matter of the Estate of* BERTHA BOLSTAD, *Deceased.*

THE STATE OF WASHINGTON, *by Robt. F. Waldron, as Supervisor of the State Inheritance Tax and Escheat Division, Appellant,* v. FRANK S. BOLSTAD, *as Executor, Respondent.*[1]

*Robt. F. Waldron, John M. Boyle, Jr.,* and *Charles Snyder,* for appellant.

*W. Grant Armstrong,* for respondent.

[1] Reported in 93 P. (2d) 726.

MILLARD, J.—On February 7, 1938, Bertha Bolstad, a resident of Lewis county, died testate. She left a separate estate of the appraised value of $15,252.55. After making allowable deductions, the net taxable estate is $13,311.38. Under her will, that estate passed, pursuant to the provisions of a trust agreement executed by Mrs. Bolstad January 26, 1938, to her stepson, Frank S. Bolstad, trustee, to manage this trust estate for the benefit of the testatrix's incompetent son, Russell J. Bolstad.

Under the terms of the trust agreement, the trustee may use the principal and income for the care and maintenance of the *cestui que trust*. The trustee is empowered to employ a designated married couple to take care of the *cestui que trust*. As consideration for that service, the trustee is required to provide from the funds of the estate for the care and maintenance of that couple during their life and for the payment of their funeral expenses if they predecease the beneficiary, Russell J. Bolstad. Certain real estate of the value of $3,250 is to be used as a home for the beneficiary and the two persons who are charged with the duty of caring for Bolstad.

The trust agreement further provides that, upon the death of Russell J. Bolstad, the trust shall cease, at which time the above-described real property shall be conveyed to the two people, or the surviving member of that marital community, who cared for Bolstad during his life; and the remainder of the estate is to be divided between two residuary beneficiaries who are within the class C classification of the inheritance tax statute (Laws of 1935, chapter 180, p. 770, § 106; Laws of 1939, chapter 202, p. 692, § 1; Rem. Rev. Stat. (Sup)., § 11202 [P. C. § 7030-166]).

Russell J. Bolstad is thirty-eight years of age. Under actuaries' combined experience tables, it is probable

that he will survive the two people who are caring for him, but he is older than the residuary legatees, who, probably, will survive him. Bolstad's life estate, computed as required by Rem. Rev. Stat. (Sup.), § 11205 (Laws of 1935, chapter 180, p. 782, § 112), is $8,271.27, and the remainder to the class C beneficiaries is of the value of $5,040.11.

The supervisor of the inheritance tax and escheat division filed in the probate proceeding his finding of the net value ($13,311.38) of the estate and petitioned that, after the allowance of an exemption of ten thousand dollars, the balance of the estate, in the amount of $3,311.38, passing to remaindermen be adjudged subject to an inheritance tax at the rate of ten per cent, as the remaindermen are class C beneficiaries under the inheritance tax statute.

Frank S. Bolstad, executor and trustee of the estate of Bertha Bolstad, deceased, filed objections to the finding and petition of the supervisor upon the ground that the entire estate passes to or for the benefit of Russell J. Bolstad, who is a beneficiary in class A, hence one per cent of the net estate in excess of ten thousand dollars—this will amount to $33.11—is the total tax due upon the estate. An order was entered by the superior court sustaining the position of the executor and trustee of the estate. The supervisor appealed.

The supervisor of the inheritance tax division contends that, under *In re Gochnour's Estate,* 192 Wash. 92, 72 P. (2d) 1027, and *In re Hallstrom's Estate,* 198 Wash. 214, 88 P. (2d) 405, only ten thousand dollars was exempt, and the remainder of the estate was taxable under class C rates. The supervisor argues that, if it were not for *In re Gochnour's Estate, supra,* and *In re Hallstrom's Estate, supra,* it would be contended that the value of the life estate to Russell J.

Bolstad, in the amount of $8,271.27, falls within the exemption applicable to class A and is therefore free from taxation, but that the remainder, in the amount of $5,040.11, passes to class C beneficiaries and is taxable at the rate of ten per cent, or the tax due would be $504.01.

The pertinent provision of the statute (Laws of 1935, chapter 180, § 106, Rem. Rev. Stat. (Sup.), § 11202) reads as follows:

"An inheritance tax shall be imposed on all estates subject to this act and other inheritance tax acts of the State of Washington, at the following rates:

"Class A. Any devise, bequest, legacy, gift *or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of* any grandfather, grandmother, father, mother, *husband,* wife, *child* or stepchild, or any lineal descendant of the deceased is hereby denominated as class A. On any amount passing to class A in excess of $10,000 up to and including $25,000, 1%; . . .

"Class C. Any inheritance, devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to . . . any person . . . other than mentioned in class A and class B herein, is hereby denominated class C.

"On any amount passing to class C up to and including $10,000, 10%; . . . " (Italics ours.)

In the *Gochnour* case, a wife left a net estate of less than ten thousand dollars to her husband " 'with full power to alienate the same for his use and benefit during his natural life,' " with remainder at his death to her sister and nieces, who are within the B and C classification of beneficiaries under the inheritance tax statutes.

We held that, under the terms of the will, the husband of the testatrix took a life estate with vested remainder to the sister and nieces of the testatrix, notwithstanding his absolute power of disposal during his

life time. We were of the view that the statute is not susceptible to the construction that the husband must take a fee or acquire an absolute ownership of the property devised in order to be entitled to the exemption of ten thousand dollars; that to so construe the statute would defeat its express purpose as manifested in the italicized portion quoted above, as the husband would, to the extent of the amount of the tax claimed on the remainder, be deprived of the "use and benefit" of the property devised and consequently be denied the full exemption allowed by the statute. In that case, the life tenant was sixty-four years old. The worth of his life interest in the estate computed in accordance with the provisions of § 112, chapter 180, Laws of 1935, Rem. Rev. Stat. (Sup.), § 11205 was $3,053.86. The present taxable value of the interest of the remaindermen under Rem. Rev. Stat. (Sup.), § 11205 was $6,315.14 unless the estate was exempt from taxation under Rem. Rev. Stat. (Sup.), § 11202.

All that we held in *In re Gochnour's Estate, supra,* and in *In re Hallstrom's Estate, supra,* was that there can be no impairment of the exemption of ten thousand dollars to beneficiaries in class A of the inheritance tax statute. This leaves in the case at bar a taxable amount in the vested remainder in class C in the amount of $3,311.38, which is taxable at the rate of ten per cent; that is, the total tax due is in the amount of $331.14.

Rem. Rev. Stat. (Sup.), § 11202 (Laws of 1935, chapter 180, § 106) was amended by Laws of 1939, chapter 202, p. 692, § 1, under which amendment the language "or for the use or benefit of" was deleted from the 1935 inheritance tax statute.

By virtue of this amendment and § 13, chapter 202, Laws of 1939, p. 712, which provides that chapter 202, Laws of 1939, shall apply to all inheritance tax cases

pending at the time this act takes effect, insists the supervisor, the remainder of $5,040.11 to the class C beneficiaries is taxable at the rate of ten per cent, hence the tax due is $504.01. It is argued that the decision in the *Gochnour* case and in the *Hallstrom* case was grounded upon the words "or for the use or benefit of" appearing in the statute; and that, as the statute now effective does not contain those words, the life estate must be computed under Rem. Rev. Stat. (Sup.), § 11205, reading as follows:

"When the estate of a deceased person shall be subject to an inheritance tax, and there be an annuity, life estate or an estate for a term of years given to one or more persons and the remainder to another or others, the entire estate shall be appraised as other estates are required to be appraised by the laws of this state. The value of the annuity, life or term estate shall be determined according to the rules or standards of mortality and of value commonly used in actuaries' combined experience tables on the basis of four per centum annual interest, and the value of the remainder shall be determined by deducting the amount found to be the value of the annuity, life or term estate from the whole estate. After the values shall have been determined as provided in this section, the tax shall be computed and collected in the same manner that the tax on other estates is computed and collected. The state insurance commissioner is hereby directed to obtain and publish for the use of courts and appraisers throughout the state tables showing the average expectancy of life and values of annuities and of life and term estates."

Russell J. Bolstad was given the right to the use and benefit of all of the property. Under the authorities, he took a life estate, notwithstanding this right to invade the whole principal. The 1939 amendment, which deleted the words "or for the use or benefit of," has not so changed our inheritance tax law as to require the taking of a fee or the acquisition of absolute owner-

ship of the property to bring a legatee or devisee within the provisions of class A. (Rem. Rev. Stat. (Sup.), § 11202.) The amendment does not change the effect of *In re Gochnour's Estate, supra,* and *In re Hallstrom's Estate, supra,* as to the exemption in the case at bar. The omission from the statute of the words quoted above does not affect the beneficial interest of the son in the whole estate or his right to the income from the estate.

The only reasonable conclusion following an analysis of the two .cases cited and Rem. Rev. Stat. (Sup.), §§ 11202 and 11205, is that one in class A of Rem. Rev. Stat. (Sup.), § 11202, who takes a life estate with full power to exhaust the entire estate for his use and benefit during his natural life with the remainder at his death to persons named by the decedent is entitled to the exemption of ten thousand dollars, and the rate of the inheritance tax on the value of the estate in excess of ten thousand dollars would be governed by the class or classes in which those who succeeded to the remainder of the estate were under the inheritance tax statute. (Rem. Rev. Stat. (Sup.), § 11202.)

The cause is remanded, with direction to the trial court to enter an order requiring payment of inheritance tax of $331.14.

BLAKE, C. J., JEFFERS, SIMPSON, and GERAGHTY, JJ., concur.