[No. 27287.   Department One.   May 2, 1940.]

*In the Matter of the Estate of* BENJAMIN IVY,
*Deceased.*

THE STATE OF WASHINGTON, *by Robert F. Waldron, as
Supervisor of the State Inheritance Tax and
Escheat Division, Appellant,* v. DELLA M. IVY
*et al., as Executors, Respondents.*[1]

[1]Reported in 101 P. (2d) 1074.

2

*Robt. F. Waldron, John M. Boyle, Jr.,* and *Charles Snyder,* for appellant.

*Almon Ray Smith,* for respondents.

MILLARD, J.—On January 27, 1937, Benjamin Ivy, a resident of King county, died testate. He left a community estate of the appraised value of approximately two hundred thousand dollars. Under the terms of his last will and testament, after making several specific bequests, the residue of the estate passed in trust under an agreement which the testator and his wife, Della M. Ivy (she was fifty-six years old when her husband died), executed October 27, 1936, with the Seattle First National Bank of Seattle, Washington, as trustee.

That agreement placed the entire community estate in trust, the net income to go to the trustors, together with so much of the corpus of the trust estate as the trustors saw fit to withdraw. In the event of the death of either of the trustors, the survivor succeeded to all the rights and privileges under the agreement and became the sole beneficiary of the trust. Upon the death of the survivor, the trust estate is to be distributed to various class "B" and class "C" beneficiaries under the inheritance tax statute of this state. Under article III of the trust agreement, the trustors, or the survivor, may, with the approval of the trustee, amend or revoke the trust agreement.

On October 15, 1937, which was subsequent to the death of Benjamin Ivy, the surviving trustor, Della M. Ivy, amended the trust by eliminating therefrom all of the remaindermen and making the surviving trustor, herself, the sole beneficiary of the trust.

The supervisor of the inheritance tax and escheat division filed in the probate proceeding his finding of the net value of the estate and contended that, under the terms of the trust agreement, Della M. Ivy took, as of the date of the death of the decedent, a life estate with the right to invade the principal, with a vested remainder over to the persons named in article V of the trust agreement; and that the tax must be computed under the terms of provisions in Rem. Rev. Stat., § 11205 [P. C. § 7056], notwithstanding the changes made in the trust agreement by the surviving trustor after the decedent's death. Counsel for the estate contended that title to all the property in trust vested in the trustee; that Della M. Ivy, after the death of the decedent, was the sole beneficiary of the trust, and that the remaindermen took a contingent remainder which was extinguished by the amendment of the trust agreement October 15, 1937.

4

The trial court sustained the objections to the findings of the supervisor fixing the tax due and entered judgment that no vested remainder was created by the trust agreement by which the estate was transferred. The supervisor of the inheritance tax and escheat division has appealed.

The case at bar is not distinguishable in principle from *In re Bolstad's Estate,* 200 Wash. 30, 93 P. (2d) 726. In that case, the estate of the decedent passed, pursuant to the provisions of a trust agreement, to a trustee to manage the trust estate for the benefit of the incompetent son of the testatrix. Under the terms of the trust agreement, the trustee was authorized to use the principal and income for the care and maintenance of the *cestui que trust.* The trust agreement further provided that, upon the death of the *cestui que trust,* the remainder of the estate was to be divided between two residuary beneficiaries. We held that the *cestui que trust,* who was given the right to the use and benefit of all the property, took a life estate, notwithstanding his right to invade and exhaust the whole principal; that one who takes a life estate with full power to exhaust the entire estate for his use and benefit during his natural life, with the remainder at his death to persons named by the decedent or trustor, takes a life estate. We further held that such person, being in class "A," would be entitled to the exemption of ten thousand dollars; and the rate of the inheritance tax on the value of the estate in excess of ten thousand dollars would be governed by the class or classes in which those who succeeded to the remainder of the estate were under the inheritance tax statute.

Counsel for appellant insist that, under *In re Ellis' Estate,* 169 Wash. 581, 14 P. (2d) 37, 86 A. L. R. 734, as the decedent reserved to himself a life income in

the trust property, the trust is taxable as a transfer to take effect in possession or enjoyment after the death of the grantor.

Article V of the trust agreement reads as follows:

"Upon the decease of either trustor, the survivor shall have all of the rights, powers and privileges of the trustors and shall be the sole beneficiary of the trust, and, upon the decease of the survivor, the trust estate shall be by the trustee disposed of and distributed as follows:

"(1)  There shall be paid to Thomas L. Ivy, if he be then living, brother of the trustor Benjamin F. Ivy, the sum of Five Hundred Dollars ($500).

"(2)  There shall be paid to Daniel B. Ivy, if he be then living, the brother of the trustor Benjamin F. Ivy, the sum of Five Hundred Dollars ($500).

"(3)  There shall be paid to Anna MacNeil, if she be then living and a widow, the sister of the trustor Benjamin F. Ivy, the sum of Five Hundred Dollars ($500).

"(4)  All of the rest, residue and remainder of said trust fund, both corpus, income and increase, shall by said trustee and at such time as the same can be done without sacrifice to the trust estate, but not more than one year following the decease of the survivor of the trustors, be paid and delivered to the following named persons in the proportions stated:

"Edward B. Ivy, son of the trustor Benjamin F. Ivy; Ada Ivy, the wife of said Edward B. Ivy; Russell F. Ivy, Benjamin F. Ivy, Jr. and Earl Leroy Ivy, sons of the trustor Benjamin F. Ivy; Mollie J. Tracey, Gladys Dagnar, sisters of the trustor Della M. Ivy; John Edgar Greable, Charles Francis Greable and William Elmer Greable, brothers of the trustor Della M. Ivy; each the undivided one-tenth (1/10) thereof.  In case either or any of the above named does not survive, then the share of such deceased shall be divided among and paid to the survivors, share and share alike."

Clearly, as in *In re Bolstad's Estate, supra,* a life estate was created by the trust agreement in the sur-

vivor of the two trustors, with right of such survivor, or life tenant, to invade the principal and exhaust the same. We agree with counsel for appellant that the power of the life tenant to consume the estate or terminate the trust does not change the character of the interests of the remaindermen as of the date of the death of the decedent.

In *In re Gochnour's Estate,* 192 Wash. 92, 72 P. (2d) 1027, we held that the mere fact that the first taker has the power of disposition, does not render the remainder contingent. In the *Gochnour* case, a wife left an estate to her husband with full power to alienate the same for his use and benefit during his natural life, with remainder at his death to her sister and nieces. We held that, under the terms of that will, the husband of the testatrix took a life estate with vested remainder to the sister and nieces of the testatrix, notwithstanding his absolute power of disposal during his lifetime.

"The mere fact that the first taker has a power of disposition does not render the remainder contingent. The estate is not contingent by reason of a power of disposition in the trustee or executor, or because the first taker has a power of appointment by will. The remainder vests subject to be defeated by the exercise by the first taker of his power of disposition. The remainder is not made contingent because it is uncertain whether the power will be exercised or because of the uncertainty as to what property will remain undisposed of. Until the happening of the divesting contingency the remainderman has all the incidents of an indefeasible interest, and when the contingent event is no longer possible, the estate becomes absolute." 69 C. J. 625, § 1717.

Whether the estate passes to trustees and interests are created under a trust agreement, does not alter the rule applicable in the case at bar. *In re Gaudette's Estate,* 165 Wash. 412, 5 P. (2d) 503.

█ The tax is computed as of the date of the death of the decedent. That is, in the case at bar, the tax would be computed from January 27, 1937, the date of the death of Benjamin Ivy, and the interest created must be considered of that date. The subsequent amendment to the trust agreement October 15, 1937, making Della M. Ivy, the surviving trustor, the sole beneficiary of the trust, does not alter the situation. We held in *In re Colman's Estate*, 187 Wash. 312, 60 P. (2d) 113, that, though the declaration of trust may be amendable by the one named as donor therein, that amendment could not have a retroactive effect; and that, where the right of the estate has once vested and become a lien upon all the property of the estate, no such amendment could divest the state of its vested right and lien.

█ It is argued by respondent that article VII of the trust agreement, to the effect that no share or interest of any beneficiary under the trust agreement other than the trustors should vest in such beneficiary until actually paid by the trustee, does not refer to the trustors and expressly excepts them from its purpose and effect, the obvious purpose being to prevent the very thing which the appellant now argues took place. It is further insisted that, if the will clearly manifested the intent of the testator to create a life tenancy and vested remainder, giving the life tenant the right to resort to the principal of the estate only in emergencies, the life tenant and remaindermen might reasonably be held to retain the status given to them by the testator. A vested remainder in this state, urges respondent, is one contemplated by the common law, which is a definite and certain title alienable and subject to testamentary disposition by the owner, and that to hold otherwise would be to disturb fundamental principles of property law.

In *In re Gochnour's Estate,* 192 Wash. 92, 72 P. (2d)
1027, and in *In re Bolstad's Estate,* 200 Wash. 30, 93 P.
(2d) 726, the life tenant, as in the case at bar, could
defeat the interests of the remaindermen. We held,
however, that the remainders were vested as of the date
of the death of the decedent. Benjamin Ivy and life
tenant Della M. Ivy could do no more by their trust
agreement than could the life tenants in the cases cited,
and the remainders in the case at bar, as in the cases
cited, are deemed vested. Those vested remainders
are governed for taxation purposes by Rem. Rev. Stat.,
§ 11205, as construed by us in *In re Gochnour's Estate,
supra,* and *In re Bolstad's Estate, supra.*

It is unnecessary to cite and analyze the many
authorities respecting the question whether a vested
remainder is that which is contemplated by the com-
mon law, in view of our inheritance tax statute and
our opinions which foreclose the question. It is not
material what the designation may be. The argument
that, to tax persons who will receive nothing (which
will be a result of sustaining the position of appellant)
is against reason and justice and out of step with the
well-settled doctrine that our inheritance taxes are
created upon the right to inherit and receive, and
chargeable to the recipient, should be addressed to the
legislature.

While there is confusion among the authorities in
drawing a distinction between a vested remainder and
a contingent remainder, the rule is settled in this state
that a life estate, with the right to invade the princi-
pal, and remainder over, creates a vested remainder
and not a contingent remainder. The following lan-
guage in the opinion of the United States Supreme
Court in *Klein v. United States,* 283 U. S. 231, 234, 75
L. Ed. 996, 51 S. Ct. 398, is pertinent in the case at bar:

"Nothing is to be gained by multiplying words in respect to the various niceties of the art of conveyancing or the law of contingent and vested remainders. It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed."

We may aptly say, paraphrasing the language in *Helvering v. Hallock*, 309 U. S. 106, 60 S. Ct. 444, that we refuse to subordinate the obvious purposes of the inheritance tax statute to the recondite learning of ancient property law.

"The law of contingent and vested remainders is full of casuistries." *Helvering v. Hallock, supra.*

The rule announced in *In re Gochnour's Estate,* 192 Wash. 92, 72 P. (2d) 1027, and followed in *In re Bolstad's Estate,* 200 Wash. 30, 93 P. (2d) 726, is clear. If there is necessity or reason for a change in the rule we have stated of construction of the inheritance tax statute, the legislature in its 1941 session may change the rule by amendment of the statute if it deems that is necessary in the public interest.

Respecting respondent's motion to dismiss the appeal on the ground that only an abstract question is involved in view of the fact that, since the remaindermen were eliminated from the trust after decedent's death and because they have the privilege of posting a bond under Rem. Rev. Stat., § 11205, conditioned that they will pay the tax within sixty days after coming into possession of the estate, no tax can ever fall due nor will there ever be a liability upon the bond, it is without substantial merit.

The action is one to determine the amount of tax due. That amount is in dispute and cannot be fixed

until disposition of this appeal. Rem. Rev. Stat., § 11205, reads as follows:

"Whenever the estate of a deceased person shall be subject to an inheritance tax, and there shall be an annuity, life estate or an estate for a term of years given to one or more persons and the remainder to another or others, the entire estate shall be appraised as other estates are required to be appraised by the laws of this state. The value of the annuity, life or term estate shall be determined according to the rules or standards of mortality and of value commonly used in actuaries' combined experience tables on the basis of four per cent annual interest, and the value of the remainder shall be determined by deducting the amount found to be the value of the annuity, life or term estate from the whole estate. After the values shall have been determined as provided in this section, the tax shall be computed and collected in the same manner that the tax on other estates is computed and collected: Provided, however, that any person or persons owning the beneficial interest in the remainder may defer the payment of the tax thereon until they come into possession of the same by filing in the office of the county clerk within thirty days after the determination of the tax, a good and sufficient bond to the state of Washington in a sum equal to the amount of the tax, conditioned that they will pay such tax in full within sixty days after coming into possession of the estate. Said bond shall not operate to defer payment of the tax unless it be approved by the court, and if it shall appear to the judge of said court at any time that a bond previously filed and approved has become insufficient he may require a new bond to be filed. If the person or persons owning the beneficial interest in the remainder shall fail to file a bond within the time herein provided, or if they shall fail to file a new bond when directed by the court, the tax shall immediately become due and payable. The state insurance commissioner is hereby directed to obtain and publish for the use of courts and appraisers throughout the state tables showing the average expectancy of life and the values of annuities and of life and term estates."

Under the foregoing statute, remaindermen have no right to post a bond until there has first been a determination of the amount of tax due. The question before us is whether the remaindermen owe a tax. If the determination is that, under the statute, the remaindermen owe a tax, they may within thirty days thereafter, as provided by the statute, decide whether they desire to file a surety bond. The question as to the privilege available to the remaindermen of filing a bond may be raised after determination of the question whether the remaindermen owe a tax as contended by appellant. No futurity is annexed to the substance of a conveyance but only to the time of its enjoyment. The postponement of the payment to the remaindermen was for the purpose of permitting the life tenant to enjoy the estate during her life. Hence, under the rule enunciated in *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6, the remainder would be deemed vested at the death of the testator, and the legatees and devisees are to be determined as of the date of the death of the testator, for "under those circumstances no futurity is annexed to the substance of the conveyance, but only to the time of its enjoyment."

The cause is remanded, with direction to the trial court to enter an order in conformity to this opinion.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.