MARY BURKE *et al.* Appellees, *vs.* MARGARET BURKE *et al.* Appellants.

*Opinion filed June 18, 1913.*

1. WILLS—*remainder may be vested though subject to be defeated by exercise of life tenant's power of sale.* An estate may be given to a person for life, with power to sell and convey the fee, and a remainder be limited in fee after the termination of the life estate, and in such case the remainder is vested though subject to be defeated by the exercise of the power by the life tenant.

2. SAME—*what does not render the remainder contingent.* The fact that the amount of the remainder may be reduced by the exercise of the power of the life tenant to dispose of the estate, or of a part thereof, if necessary for her comfortable support, does not render the remainder contingent.

3. SAME—*when devise passes a life estate, only.* A devise of land with general power to dispose of it passes a fee simple, but a devise for life with power to dispose of the reversion passes an estate for life, only.

4. SAME—*when power of disposition is not unlimited.* A power given to a life tenant to dispose of the estate if she shall deem it necessary in order to supply herself with the comforts and necessities of life is limited to the purpose specified, and a court of equity has power to restrain any exercise of the power of alienation for a purpose not having any reference to the limitation imposed.

5. TRUSTS—*anything which may be the subject of property may be granted in trust.* In general, any right, interest or thing which may be the subject of property, and every vested right which the law recognizes as valuable, may be granted in trust.

6. SAME—*when court of equity cannot execute a trust.* If the testator, in attempting to create a trust as to a remainder, has given absolute and uncontrollable ownership of the prior estate or has given the trustees an option to withdraw the funds from the purposes of the trust and apply them in their own discretion, a court of equity cannot execute the trust, as in such case the grantor, having granted the whole dominion of the property, has nothing left to grant, in trust or otherwise.

7. SAME—*a trust in remainder is valid though life tenant has limited power of sale.* Where property is devised to the testator's wife for life, with power to sell the property, or any part thereof, if necessary, in order to obtain the comforts and necessities of life, and the remainder is given in trust for charity, the remainder is vested, and the trust is not invalid because the amount of the remainder may be reduced or entirely defeated by the exercise of the power by the life tenant. (*Mills* v. *Newberry,* 112 Ill. 123, and *Wilce* v. *VanAnden,* 248 id. 358, explained.)

8. SAME—*when the gift in trust is one of personal property.* Where the real estate remaining at the death of the life tenant is directed to be sold and the proceeds paid to a Catholic parish in trust for specified purposes, the gift is one of personal property.

9. SAME—*when gift is for charitable purposes.* A gift in trust to a Catholic parish for the erection and support of a school to be erected and maintained by the parish is a gift for charity; and the saying of a specified number of masses, annually, for the souls of the testator, his wife and his son, which is made a condition of the bequest, is a charitable purpose.

10. SAME—*the fact that donee is an unincorporated association does not defeat trust.* The fact that the Catholic parish which is the donee of a trust for charitable purposes is an unincorporated association does not defeat the trust, as a court of equity may appoint a trustee to carry out a trust for charitable purposes if no donee is named or if the donee is incapable of taking the gift.

11. SAME—*when fact that part of trust is invalid does not defeat the remainder.* Where the principal part of a gift in trust is

for the establishment of a parish school, the fact that a portion of the bequest for the perpetual care of the testator's burial lot must be held invalid as violating the rule against perpetuities does not defeat the provision for the establishment of the school.

12. SAME—*when valid portions of trust must fall with invalid ones.* The valid portions of a trust must fall with the invalid ones only when the will shows a complete and connected plan for the disposition of the whole estate, which will be destroyed if the invalid provisions cannot be given effect or if the enforcement of the valid provisions alone will result in injustice.

APPEAL from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

STAGER & STAGER, and A. D. EARLY, for appellants.

C. C. & J. W. JOHNSON, and MCMAHON & ROGERS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

John F. Burke died on December 24, 1910, leaving a widow, Margaret Burke, his mother, Mary Burke, and two brothers and four sisters, his heirs. He owned personal property valued at $450, two lots in the city of Sterling, on which was a dwelling house which he occupied with his wife as a residence, and a farm of 160 acres, having a rental value of $7 an acre, all of said real estate being worth $30,000. He and his wife were members of the Roman Catholic church, and she was, and still is, a member of Saint Mary's Catholic parish of Sterling, Illinois. He left a will, which was admitted to probate, in which his wife was named as executrix, without bond. Letters testamentary were issued to her, the estate was fully administered and the executrix discharged. The will, after providing for the payment of the testator's debts and funeral expenses and the expenses of administration, gave two legacies to be used in saying masses for the souls of the dead. It then gave all the residue of the personal property to the widow. The fifth and sixth clauses of the will are as follows:

"*Fifth*—I give, devise and bequeath to my said wife all the rents and income from all the real estate of which I die possessed, so long as she may live, she to have the right to occupy or lease said real estate as she may prefer, and to keep the same in good repair and condition and pay all taxes and assessments levied or assessed thereon; and in case at any time she shall deem it necessary to sell said real estate, or any part thereof, in order to supply herself with the comforts and necessities of life, I hereby empower her with full right, power and authority to make such sale and to convey said property so sold as her own.

"*Sixth*—Upon the death of my said wife it is my desire that my real estate at the time remaining be sold and of the proceeds the sum of five hundred dollars ($500) be given to Saint Mary's Catholic parish of Sterling, Whiteside county, Illinois, said sum to be placed on interest and the income therefrom to be used for the perpetual care and keeping of my burial lot in Calvary cemetery of said Saint Mary's parish, the balance thereof to be given said Saint Mary's parish of Sterling, Illinois, for the erection or support of a school to be erected and maintained by said parish in said city of Sterling; said bequest for said school being made upon condition that five masses be said annually from and after the death of my said wife, for the peaceful repose of the souls of my said wife, Margaret Burke, my son, Thomas Francis Burke, and myself."

The mother and other heirs-at-law of the testator filed a bill against the widow, Saint Mary's Catholic parish, the pastor and certain members of the parish, and the Catholic Bishop of Rockford, praying the court to declare that the sixth clause of the will was null and void and to decree the property mentioned in it to the heirs. An answer was filed, the cause was heard upon a stipulation as to the facts, and the court rendered a decree that the sixth paragraph of the will is null and void and that all of the real estate is intestate property, subject to the interest and power given to

Margaret Burke by the fifth paragraph of the will. An appeal has been taken from this decree.

The intention of the testator is plain, and it ought to be carried out unless to do so would violate some fixed rule of law. The circuit court found that by reason of the power to sell the real estate, given to the life tenant by the fifth paragraph of the will, the subject matter of the trusts attempted to be created in the sixth paragraph is uncertain and the sixth paragraph is therefore void. It is argued that because the widow, in the exercise of the power of sale, may dispose of the real estate or some part of it, an uncertainty exists as to the subject matter of the trust, and the cases of *Mills* v. *Newberry,* 112 Ill. 123, and *Wilce* v. *VanAnden,* 248 id. 358, are relied upon as supporting this position. This is a misapprehension of what was decided in those cases. They recognize and apply the established rule that the subject matter of a valid trust must be certain. But the rule is not violated in the will now under consideration. In *Mills* v. *Newberry, supra,* the testatrix devised and bequeathed to her mother all the property of the testatrix, "upon the express condition, however, that she devise, by will to be executed before receiving this bequest, so much thereof as shall remain undisposed of or unspent at the time of her decease, to such charitable institution for women, in said city of Chicago, as she may select." The mother declined to execute a will in accordance with the devise and therefore could take nothing under her daughter's will. She was, however, her daughter's only heir and there was no residuary clause in the will. It was claimed that a trust in favor of charity attached to the property in the mother's hands, and it was held that the language was sufficient to create a trust with respect to such property as may be the subject of a trust. The insuperable difficulty which the court found to the creation of the trust was the uncertainty as to the subject matter. The mother having the property absolutely, with full power of expending and

disposing of it unconditionally, there was nothing to which a trust could attach. The question whether there should be any property or not for the trust to operate on was in the absolute discretion of the mother and there was nothing which equity could enforce. The case of *Wilce* v. *Van-Anden, supra*, cites *Mills* v. *Newberry, supra*, to sustain the proposition that the trust in that case was void because it was uncertain that there would be any part of the trust fund remaining at the death of the annuitants in the hands of the trustees, as at that time it might be entirely exhausted in the payment of annuities. The later case adds nothing to the earlier but relies entirely upon it for this proposition. It may well be doubted whether the decision in *Mills* v. *Newberry* went so far as it was carried in *Wilce* v. *Van-Anden* or whether the trust in the latter case would have been held void because the payment of the annuities might exhaust the fund, but it was clearly void for the second reason stated in the opinion,—that is, because of the discretion given to the trustees to give to the brothers and sisters of the testator such portion of the trust fund as they might think best and devote the rest to charity. The proposition upon which *Mills* v. *Newberry* was decided, (and the same applies to *Wilce* v. *VanAnden,*) was, not that the possible exhaustion of the fund by its application to prior demands upon it before its application to the purposes of the trust renders the subject matter of the trust uncertain, but that there is no fund which can be the subject matter of a trust where its application to the purposes of the trust depends upon the absolute and unconditional discretion of the person in control of the fund. In such case there is nothing which a court of equity can lay hold of,—nothing binding on the conscience. The chancellor cannot direct what disposition one shall make of property which is given to him to dispose of as he chooses. This was the character of both the cases cited and of the authorities on which the opinions in those cases rely. Wherever a clear discretion

or choice to act or not to act is given; wherever the prior dispositions of the property import absolute and uncontrollable ownership; wherever the trustees have an option to withdraw the funds from the purposes of the trust and apply them in their own discretion, the court cannot execute such a trust. This was the character of both the cases cited. The rule laid down in them goes to this extent and no farther and is amply sustained by the numerous authorities cited.

The fact that a trust is involved does not affect the question. The principle is, that having granted the whole dominion of the property nothing remains for the grantor to give, in trust or otherwise. The uncontrolled ownership of property precludes any conditions as to its disposition or use. In general, any right, interest or thing which may be the subject of property may be granted in trust. Every kind of vested right which the law recognizes as valuable may be transferred in trust. (Perry on Trusts, secs. 67, 68.) The law is well settled that an estate may be given to a person for life with power to sell and convey the fee, and that a remainder may in such case be limited in fee after the termination of the life estate. (*Henderson* v. *Blackburn,* 104 Ill. 227; *Walker* v. *Pritchard,* 121 id. 221; *Skinner* v. *McDowell,* 169 id. 365; *Saeger* v. *Bode,* 181 id. 514.) A remainder so limited is vested though subject to be defeated by the exercise of the power by the life tenant. The uncertainty as to the amount of the reduction because of the disposition of the estate, or a part of it, for the comfort or necessities of the life tenant, and the consequent uncertainty as to the amount of the estate which may be undisposed of, does not render the remainder contingent. *Ducker* v. *Burnham,* 146 Ill. 9; *Hawkins* v. *Bohling,* 168 id. 214; *Harvard College* v. *Balch,* 171 id. 275; *Kirkpatrick* v. *Kirkpatrick,* 197 id. 144.

The devise, here, to the wife was expressly of the rents and income of the real estate so long as she might live, with

the right to occupy the real estate if she preferred to. This was an express life estate. A devise of land with general power to dispose of it passes the fee simple, but a devise for life with power to dispose of the reversion passes an estate for life, only. (*Dalrymple* v. *Leach,* 192 Ill. 51.) The power of disposition here is not unlimited but is qualified, to be exercised only in case the life tenant shall deem it necessary in order to supply herself with the comforts and necessities of life. A court of equity would restrain any exercise of the power of alienation without reference to the condition imposed. (*Dalyrmple* v. *Leach, supra.*) In a case of a devise of a life estate with a more liberal power of disposition than is the case here, we held that the life tenant could not give away the property or exercise the power without reference to the limitations. (*Bevans* v. *Murray,* 251 Ill. 603.) There is no uncertainty about the subject matter of the trust. It is all the real estate of the testator after the termination of the life estate of Margaret Burke, his widow. The whole estate may be defeated by the exercise of the power of Mrs. Burke in accordance with its conditions, but the estate is a vested estate in remainder, and a court of equity can and will protect the estate, if necessary, and enforce the trust.

The real estate is directed to be sold and the proceeds paid to Saint Mary's Catholic parish. The gift is therefore one of personal property. Five hundred dollars of the amount is to be placed on interest and the income used for the perpetual care of the testator's burial lot in Calvary cemetery of said parish, the remainder to be used for the erection and support of a school to be erected and maintained by said parish in the city of Sterling. It is insisted that the trust for the perpetual care of the burial lot is void, and we so held in *Mason* v. *Bloomington Library Ass'n,* 237 Ill. 442, on the ground that it violated the rule against perpetuities.

The testator and his wife were members of Saint Mary's Catholic parish of Sterling, Illinois, which is an unincorporated religious society and a duly established parish of the diocese of Rockford of the Roman Catholic church, having about a thousand members, who are subject to constant change by reason of deaths, births and removals. The parish has no property in its own name but its property is all held in the name of the bishop and cannot be diverted from the use of the parish. A parish school is an integral part of every parish of the Roman Catholic church, and it is the duty of Saint Mary's parish, under the rules of the church, to maintain such a school. The rules of the church provide what branches shall be taught in such school and how it shall be conducted. That the founding and maintenance of a school under the control of a church, though the instruction may not be gratuitous and the branches to be taught not specified, is a public charity, is held in *Andrews* v. *Andrews,* 110 Ill. 223. The saying of five masses annually for the souls of the testator, his wife and son, which is made a condition of the bequest, is a charitable purpose. *Hoeffer* v. *Clogan,* 171 Ill. 462.

It is contended that the parish is an unincorporated association which cannot be a grantee or act as trustee, and that the bequest cannot, under such circumstances, be sustained as a charity. In support of this proposition reliance is placed upon *Philadelphia Baptist Ass'n* v. *Hart's Exrs.* 4 Wheat. 1, which sustains it. This decision was based upon the two propositions that the Statute of Charitable Uses (43 Eliz. chap. 4,) was repealed by the legislature of Virginia, and that charitable bequests, where no legal interest is vested and which are too vague to be claimed by those for whom the beneficial interest was intended, can not be established by a court of equity independent of the 43 Eliz. The first proposition is not true in this State, and as to the second the decision has been expressly overruled in *Kain* v. *Gibboney,* 110 U. S. 362. The original and in-

herent jurisdiction of courts of equity over charities, independent of the statute, is now recognized in most of the States. Virginia, Maryland and North Carolina are exceptions. In this State deeds made to the rector, church wardens and vestrymen of an unincorporated church for church purposes and to pay the salary of the rector were held not void for want of a grantee capable of taking the deed. (*Alden* v. *St. Peter's Parish,* 158 Ill. 631.) Where a gift is made to a charitable use and no donee is named or the donee named is incapable of taking the property the gift will not fail, but a court of equity may appoint a trustee to carry out the charitable purposes.

It is argued that the trust for the care of the burial lot was a part of the testator's scheme for the disposition of his entire estate, and that to enforce the rest of the will while rejecting this part would be to violate the testator's wishes and to make a new will for him. The rule is, where the will shows a complete and connected plan for the disposition of the whole estate, that the valid provisions of the will must be rejected with the invalid, where the latter are of such a character as to destroy the testator's scheme or where the enforcement of the valid provisions would result in injustice. (*Barrett* v. *Barrett,* 255 Ill. 332.) But here the invalid bequest for the care of the burial lot is trifling in amount compared to the rest of the estate. The school, it is manifest, was the testator's great concern after his wife was taken care of. It would be doing much greater violence to his intention to take his bequest away from the school and bestow it on his heirs, thus entirely disregarding his wishes, than substantially to carry out his will as he made it.

The decree will be reversed and the cause remanded to the circuit court, with directions to enter a decree finding the provisions of the will valid except as to the bequest of $500 for the care of the burial lot, and as to that, finding it invalid.

*Reversed and remanded, with directions.*