[No. 173-3.    Division Three.    April 21, 1971.]

*In the Matter of the Estate of* ROBERT H. BUTTON, *Deceased.*

KERRY BURG *et al., Appellants,* v. OLD NATIONAL BANK OF WASHINGTON, *as Administrator, Respondent.*

*John L. Neff* (of *Witherspoon, Kelley, Davenport & Toole*), for appellants Burg and Frederic E. Button.

*J. D. McMannis,* for appellant Stefanie L. Button.

MUNSON, C.J.—In 1940 Robert H. Button executed a revocable trust, retaining a life estate, with the remainder over to his mother (Audrey Burg). The trust res consisted of real estate located in Whitman County (the subject matter of the instant litigation) and other personal property. On February 28, 1964 the trustor, a California resident, executed: (1) a revocation of the 1940 trust; (2) a second trust agreement providing, upon his death, a life estate in his niece and the remainder over to Washington State University;[1] and (3) a quitclaim deed of the Whitman County property to the Old National Bank, as trustee under the new agreement. The documents were sent to his attorney in Spokane along with an inquiry regarding whether they should be held in abeyance in the event his death preceded his mother's. On the same day the trustor wrote Luther Fendler, a trust officer of the Old National Bank, that he had sent his attorney a new trust agreement but he would like it to take effect only in the event his mother predeceased him. Audrey Burg died intestate November 15, 1966 and the trustor died on November 28, 1966. Shortly thereafter the 1964 documents were delivered to the trustee.

The Old National Bank, as trustee under the 1940 trust agreement, brought suit requesting an interpretation of it and direction in its disposition of the corpus. The trial court held the 1940 trust failed because of Audrey Burg's death, the 1964 trust failed for lack of delivery, and instructed the trustee to deliver the trust property to the personal repre-

---

[1] Button's wife, Dorothy, was also provided for in the second trust under certain limited conditions. She is not a party to this action.

sentatives of the trustor. The surviving son of Audrey Burg and the trustor's niece—the life-estate beneficiary of the 1964 trust—appeal.

By the terms of the 1940 trust agreement Audrey Burg acquired a vested remainder subject to complete defeasance. *Seattle First Nat'l Bank v. Crosby,* 42 Wn.2d 234, 254 P.2d 732 (1953); *Edwards v. Edwards,* 1 Wn. App. 67, 459 P.2d 422 (1969); 28 Am. Jur. 2d *Estates* § 235 at 386 (1966); 2 Restatement of Property § 157 (1936). As such, any portion of her remainder which was undefeased at the time of her death would pass by descent and distribution. 2 Restatement of Property § 165 (1936).

Were it not for the 1964 actions of the trustor in executing the revocation of the 1940 trust[2] and the new trust instrument with its change in beneficiaries, the matter would end with the passage of Audrey Burg's remainder by descent and distribution. However, it is the court's duty in interpreting a trust agreement to ascertain the trustor's intent and to effectuate it so far as it is consistent with the law of Washington. *Seattle First Nat'l Bank v. Crosby, supra; Old Nat'l Bank & Union Trust Co. v. Hughes,* 16 Wn.2d 584, 134 P.2d 63 (1943); *Old Nat'l Bank v. Campbell,* 1 Wn. App. 773, 774, 463 P.2d 656 (1970); *Edwards v. Edwards, supra.*

In the instant case we have a letter from the trustor to his attorney which reads in part:

I am enclosing as you see a copy of a letter sent to Luther as well as the trust documents. I've wondered if the trust documents should be held in abeyance if my death is apt to precede that of Mother[']s? As it is now set up she is sole heir, the only real effect would be that it now deletes Dorothy's name.

On the same day he wrote to the trustee stating in part:

I have sent Bob the notarized new trust agreement which he showed you. I think I would really only like

---

[2]The revocation of the 1940 trust lacked delivery to the trustee to be effective; however, it is a valuable instrument for ascertaining the intent of the trustor.

that trust to take effect in the event of Mother's death prior to mine.

From the record it appears neither of these letters precipitated an answer or inquiry by either of their recipients; nor is there any evidence of further correspondence or inquiry forthcoming from the trustor on the subject of the new trust. Additionally, a copy of a letter to the trustee was enclosed with the letter to the attorney. There is nothing in either letter directing the trustor's attorney to withhold delivery of the revocation of the 1940 trust, or the new 1964 trust agreement, from the trustee. Delivery was withheld, however, and apparently no notice given to the trustee of the revocation. Thus, without delivery the revocation was not effective since the trustee was entitled to notice of the revocation under the terms of the 1940 trust. As a result the trustee continued operating under the same terms as before.

The letter to the attorney is not a directive to withhold delivery of the documents; nor is the language precatory in nature. The words used are more of an inquiry made after the 1964 trust had been drawn, signed and acknowledged by the trustor, and returned from his California residence to his Washington attorney. This evidences to us the manifestation of an intention that the 1964 instrument have operative effect. Bogert, Trusts & Trustees § 147 at 49 (2d ed. 1965).

In attempting to ascertain the trustor's intent, most previous cases limit themselves to the document itself. *Seattle First Nat'l Bank v. Crosby, supra; Old Nat'l Bank v. Campbell, supra.* Here we have the unusual situation of a later operative trust and revocation of a prior trust undelivered to the trustee by the trustor's attorney thereby leaving the prior trust in full force and effect. Under these circumstances we have no hesitancy to examine the contents of both trusts and the correspondence from the trustor to his attorney and trustee to ascertain the trustor's intent. From the foregoing it is clear the trustor desired the 1940 trust property to pass to his mother in the event he

predeceased her but that in the event she predeceased him, he wished it to remain in trust for the benefit of his niece for her life and then to be conveyed to Washington State University. See Simes, Law of Future Interests at 20 (2d ed. 1966). Such action was within the trustor's reserve power of modification in the 1940 trust. The changes by the latter trust did not modify or alter the duties, powers or liabilities of the trustee, hence its consent thereto was not a condition precedent to the validity of this modification of the distributional aspects of the 1940 trust.          -

Judgment of the trial court is reversed and the case is remanded for action in accordance with this opinion.

GREEN and EVANS, JJ., concur.
Petition for rehearing denied June 7, 1971.
Review granted by Supreme Court August 26, 1971.