In re William S. CRANDALL, Janice C. Crandall, Debtors.

Bankruptcy No. 2–93–01914.

United States Bankruptcy Court, D. Connecticut.

Nov. 10, 1994.

Martin W. Hoffman, Hartford, CT, for trustee.

Howard M. Gould, Old Saybrook, CT, for debtors.

## MEMORANDUM OF DECISION

### TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

The issue presented is whether the debtor's interest in a revocable "Living Trust" is property of the estate. The matter has been submitted upon a stipulation of facts and issues, and the parties' memoranda of law.

### II.

### BACKGROUND

William S. Crandall (William), a debtor in a joint case with his wife, Janice C. Crandall, filed a Chapter 7 petition on May 13, 1993. William's mother, Annabelle S. Crandall, (Annabelle), died on June 16, 1993, while domiciled in the State of Washington. Annabelle, on November 4, 1982, had executed a document entitled "Living Trust of Annabelle S. Crandall" (the Trust) under which she transferred property, estimated presently to exceed $200,000 in value, to a trustee, Seattle First National Bank (the Bank). Annabelle amended the Trust in irrelevant detail on February 26, 1988, the same date she executed her will.

The Trust required the Bank to pay to Annabelle during her life all trust income or principal as she directed, and upon her death, after providing for various minor cash payments to certain parties, to divide the remaining trust property into equal shares for her three children, with one share to "be distributed outright" to the debtor or his "descendants per stirpes." Annabelle's will provided that her executor "shall have all management and distribution powers and discretion" provided in the Trust, and that the executor shall cooperate with the trustee of the Trust with respect to payment of "all estate, inheritance and succession taxes." The Trust contained comparable provisions requiring the Bank to cooperate with the executor under the will. Annabelle retained the power to amend or revoke the Trust at any time, including the right to do so in her will.

William, on or about October 12, 1993, amended his bankruptcy schedules, apparently pursuant to Fed.R.Bankr.P. 1007(h),[1] to list a "Remainderman interest under Living Trust with spendthrift provisions created by Annabelle S. Crandall exempt pursuant to U.S.C. § 541(a)(5)(A)." Martin W. Hoffman, Esq., the Chapter 7 trustee (the trustee), filed an objection to the debtor's claim of exemption.

### III.

### DISCUSSION

The parties, in their stipulation, state the issue to be whether the debtor's "one-third interest in the Inter Vivos Trust of Annabelle S. Crandall [is] an asset of the bankruptcy estate," and both parties rely on an analysis of Code § 541(a)(5)(A) as determinative of the issue. Section 541(a)(5)(A) provides that property of the estate includes an interest in property "that the debtor acquires or becomes entitled to acquire within 180 days after [the date of filing of the petition]—(A) by bequest, devise, or inheritance."

The debtor, in his brief, relies on the plain meaning of the words "bequest, devise, and inheritance" as denoting either gifts of personalty or realty by will or succession to property by descent from an ancestor, and contends a gift received from an inter vivos

---

**1.** Fed.R.Bankr.P. 1007(h) provides a pertinent part:

  If, as provided by § 541(a)(5) of the Code, the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 10 days after the information comes to the

debtor's knowledge ... file a supplemental schedule in the Chapter 7 liquidation case.... If any of the property required to be reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the exemptions in the supplemental schedule.

trust is excluded from the provisions of § 541(a)(5)(A). The trustee argues that the debtor's interest in the Trust comes within the intent and purpose of that statute.

## A.

The origin of § 541(a)(5)(A) was in the Chandler Act of 1938 [2] revision to the Bankruptcy Act of 1898 when Congress determined for the first time that inherited assets received by a debtor within six months of the filing of a petition shall become property of the bankruptcy estate and available to creditors. The Bankruptcy Reform Act of 1978 placed within the 180–day window established by § 541(a)(5) other interests the debtor may acquire postpetition. Subsections (B) and (C) of § 541(a)(5) add, as property of the estate, interests the debtor acquires "(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree" and "(C) as beneficiary of a life insurance policy or of a death benefit plan."

There is no reference in § 541(a)(5) to devices generally described as "will substitutes" which are employed by individuals to avoid probate and still effect a distribution of their assets at death. One of the most common will substitutes is the revocable inter vivos trust, such as the Trust executed by Annabelle. The treatment of property acquired within 180 days after a bankruptcy petition by a debtor-beneficiary under a will substitute such as an inter vivos trust "has never been resolved." Adam J. Hirsch, *Inheritance and Bankruptcy: The Meaning of The Fresh Start*, 45 Hastings L.J. 175, 182–83 (1994).

> [N]either cases nor legislative history have addressed the treatment of will substitutes from the standpoint of creditors' claims against the debtor. If will substitutes are deemed testamentary for purposes of creditors' claims in bankruptcy, they will be deemed to be transferred when the benefactor dies and will be subject to the six-month window of § 541(a)(5)(A). If they are held to constitute gifts, on the other hand, they will be deemed to be trans-

> ferred when the initial instrument of gift is executed and will fall into the bankruptcy estate if that event occurred before (but not after) the petition. Moreover, if will substitutes are considered gifts, the six-month window will not apply, and the benefactor will remain free to exercise any reserved right to revoke the gift.

*Id.* at 182 n. 24.

## B.

The argument of the trustee, that Annabelle's Trust is testamentary for the purposes of § 541(a)(5)(A) and thus subject to its provisions, is a reasonable one. Courts and commentators have recognized that a gift to be enjoyed only on the death of the donor is in practicable effect a legacy whether it is created in an inter vivos trust or in a will. *See, e.g., Burg v. Old Nat'l Bank of Wash.*, 79 Wash.2d 849, 490 P.2d 731, 734 (1971) (where the court ruled that "a statute covering gifts by will which would lapse in the absence of the statute, applies to gifts provided in an [inter vivos] trust"); John H. Langbein, *The Nonprobate Revolution and the Future of the Law of Succession*, 97 Harv.L.Rev. 1108, 1109 (1984) ("In truth, will substitutes are simply 'nonprobate wills'—each reserves to the owner complete lifetime dominion, including the power to name and to change beneficiaries upon death."). It is also true that at one time the Supreme Court advised that courts not read the "words [of the Bankruptcy Act] with the ease of a computer," *see Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966), and that courts agree application of a statutory provision requires consideration of "the language of the statute and its apparent purposes, as well as economic reality and the contextual sense of the statutory scheme." *In re Coggin*, 30 F.3d 1443, 1454 (11th Cir. 1994).

■ The court, nevertheless, concludes that the Supreme Court's recent unflagging insistence that federal courts interpret the words of the Bankruptcy Code according to

**2.** Act of June 22, 1938, 52 Stat. 840 (1938).

their "plain meaning," [3] and the Second Circuit's rigid application of that doctrine,[4] render the trustee's argument unsustainable.

■■■ The court is constrained to give a narrow construction to the words "bequest, devise, and inheritance" and to conclude such words in their plain meaning do not encompass revocable inter vivos trusts. This conclusion is buttressed by the holding of the Second Circuit in *Klebanoff v. Mutual Life Ins. Co.*, 362 F.2d 975 (2d Cir.1966). *Klebanoff* dealt with a bankruptcy trustee's claim to the proceeds of life insurance to which the debtor became entitled within six months of the petition date.[5] The trustee had argued that the "technical property terms in § 70(a) should be interpreted broadly to encompass insurance proceeds." *Id.* at 979. The court rejected that argument as "spurious for, in this case, we are construing a bankruptcy statute and not embellishing principles of common law." *Id.* The court recognized that "it would have been reasonable and appropriate for Congress to have included insurance proceeds within this section if it so desired. But, it failed to do so and in these circumstances, we cannot and should not step into the breach." *Id.*

The debtor's interest in the Trust is not property of the estate under § 541(a)(5)(A).

### C.

■■■ The conclusion reached as to § 541(a)(5)(A) does not, however, put an end to the issue posed by the parties' stipulation. Although not argued by either the debtor or the trustee, the court finds that the debtor's interest in the Trust is property of the estate under § 541(a)(1). Section 541(a)(1) provides that a debtor's estate upon commencement of the case comprises, *inter alia*, "all legal or equitable interests of the debtor in property." The debtor at the commencement of his case held an interest in the Trust which he had acquired upon the execution of the Trust. *See Restatement (Second) of Trusts*, § 56 cmt. f, illus. 8 (1959) (describing such interest as "a contingent equitable interest in remainder); *cf.* Austin W. Scott, *The Law of Trusts* § 57.1 (4th ed. 1987) (stating that under such a trust, "the beneficiary at once acquires a future interest, although it is an interest subject to be divested by the exercise of the power [of the settlor to revoke or modify]"); *Burg v. Old Nat'l Bank*, 4 Wash.App. 773, 483 P.2d 1290, 1292, *modified,* 79 Wash.2d 849, 490 P.2d 731 (1971) (identifying this type of interest as "a vested remainder subject to complete defeasance"). In defining property of the estate, "Congress indicated its intention to include all legally recognizable interests, although they may be contingent and not subject to possession until some future time." *In re Knight*, 164 B.R. 372, 374 (Bankr.S.D.Fla.1994) (citing *In re Ryerson,* 739 F.2d 1423, 1425 (9th Cir.1984)). In the present case, the debtor's interest in the trust, regardless of nomenclature, is property of the estate.

**3.** In *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290, 299 (1989), the Court stated that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' " (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973, 981 (1982)). *See also Union Bank v. Wolas,* 502 U.S. 151, ——, 112 S.Ct. 527, 530, 116 L.Ed.2d 514 (1991) (in view of the "clarity of the statutory text," those arguing for a different interpretation bear an "exceptionally heavy" burden); *Connecticut Nat'l Bank v. Germain,* —— U.S. ——, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("We have stated time and time again that courts must presume that a legislature says what it means and means in a statute what it says there."); *Toibb v. Radloff,* 501 U.S. 157, 160, 111 S.Ct. 2197, 2199, 115

L.Ed.2d 145 (1991) ("In our view, the plain language of the Bankruptcy Code disposes of the question before us."); and *Patterson v. Shumate,* —— U.S. ——, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992) ("In our view, the plain language of the Bankruptcy Code and ERISA is our determinant.").

**4.** *See, e.g., Maritime Asbestos Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.),* 920 F.2d 183 (2d Cir.1990).

**5.** *Klebanoff* involved application of Bankruptcy Act § 70(a), the relevant portion of which provided: "All property, wherever located, except insofar as it is property which is held to be exempt, which vests in the bankrupt within six months after bankruptcy by bequest, devise, or inheritance, shall vest in the trustee...."

## IV.

### CONCLUSION

The debtor's interest in the revocable inter vivos trust created by his mother is property of the debtor's estate pursuant to § 541(a)(1). The trustee's objection to the debtor's claim of exemption is sustained. It is

SO ORDERED.