In re William W. BRITTON, Debtor.

John J. O'Neil, Jr., Trustee, Plaintiff,

v.

Fleet National Bank and Doris W. Britton, Trustees of the Audley C. Britton Trust and William W. Britton, Defendants.

Bankruptcy No. 01–21283.
Adversary No. 03–2056.

United States Bankruptcy Court,
D. Connecticut.

Oct. 3, 2003.

Michael S. Schenker, Francis O'Neil Del Piano, LLC, Hartford, CT, for Plaintiff–Respondent.

Julie A. Manning, Shipman and Goodwin LLP, Hartford, CT, for Defendant–Movant.

Thomas W. Edgington, Thomas A. Gugliotti, Updike, Kelly, and Spellacy, P.C., Hartford, CT, for Defendant Fleet National Bank, Trustee of the Audley C. Britton Trust.

### RULING ON MOTION TO DISMISS COMPLAINT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

*I*

William W. Britton ("the debtor") filed a Chapter 7 petition on April 20, 2001. The debtor is the son of Doris W. Britton (now known as Doris Newman) and the late Audley C. Britton. John J. O'Neil, Esq. ("the plaintiff"), the Chapter 7 trustee in the debtor's bankruptcy case, on April 17, 2003, filed a complaint against Fleet National Bank and Doris W. Britton, Trustees of the Audley C. Britton Trust ("the trust")[1], and the debtor to determine that the debtor's interest in the trust income and the trust remainder are property of the bankruptcy estate[2] and to compel turnover to the plaintiff. Doris W. Britton, Trustee ("the movant"), on August 26, 2003, filed a timely[3] motion pursuant to Fed.R. Civ.P. 12(b)(6), made applicable to bankruptcy proceedings by Fed.R. Bankr.P. 7012(b), to dismiss the complaint "for failure to state a claim upon which relief can be granted."

1. The trust document establishes two distinct trusts. "Trust A" is a marital deduction trust under which the movant, in 1985, exercised her right to withdraw the entire principal. As used herein, "the trust" refers to Trust B.

2. 11 U.S.C. § 541 provides, in relevant part:
§ 541. Property of the estate
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
. . .
(c)
. . .
(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

3. Although the plaintiff argues that the motion is untimely pursuant to the June 17, 2003 Scheduling Order, the court finds this argument without merit as the Scheduling Order clearly states that "[A]ll dispositive motions shall be filed no later than 11/17/03."

## II

### ARGUMENTS

The complaint alleges that the debtor is a "discretionary beneficiary" of the income from an inter vivos trust which was established on September 13, 1974 by Audley C. Britton (the debtor's father) as the settlor and became irrevocable upon the settlor's death, and that the debtor is a beneficiary of the trust corpus payable upon the death of Doris W. Britton (the settlor's wife). (Complaint at ¶¶ 6–8.)[4] The plaintiff contends that the debtor's interest in the trust income and the remainder of the trust are property of the bankruptcy estate. The movant argues that the trust is a spendthrift trust under Connecticut law and the trust income, pursuant to § 541(c)(2), is, therefore, not property of the estate. Neither party directly discusses in their memoranda whether the debtor's interest in the trust remainder qualifies as property of the estate.

## III

### DISCUSSION

#### A

The court, in resolving this motion under Rule 12(b)(6), must accept as true all allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. *See Sykes v. James,* 13 F.3d 515, 518 (2d Cir.1993). The motion should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S.

41, 45–46,78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (1957).

■ The plaintiff argues that the "complaint alleges the existence of the Trust and that the defendant, William W. Britton, has an interest in the trust. That is sufficient to state a cause of action." (Plaintiff's Memorandum at 3.) The movant does not dispute the factual allegations of the complaint but raises the affirmative defense that the terms of the trust have established a spendthrift trust which is not property of the estate. In support of her position, the movant has attached a copy of the trust provisions ("the trust document") to the memorandum of law filed with her motion.

■ The Second Circuit has held that, under certain circumstances, a court ruling on a Rule 12(b)(6) motion to dismiss may consider an affirmative defense raised in the motion and the contents of a document not attached to the complaint without converting the motion to dismiss to a motion for summary judgment.[5] *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67 (2d Cir.1998) (upholding dismissal where facts alleged in complaint, together with documents of which plaintiff had notice and which were integral to the complaint, supported the affirmative defense raised in the defendant's Rule 12(b)(6) motion to dismiss). "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani* at 74. "For purposes of this rule [12(b)(6) ], the complaint is deemed to in-

---

**4.** The complaint does not include a copy of the trust document.

**5.** Fed.R. Civ.P. 12(b) provides, in relevant part:

 If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

clude any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).

Because the complaint relies on the existence and terms [6] of the trust document as the basis for its claim that a portion of the trust's assets are property of the debtor's estate, the trust document is integral to the complaint and the court may consider it in ruling on the motion to dismiss. The court may also consider the movant's affirmative defense in light of the allegations of the complaint and the terms of the trust document.

### B

■ This court has previously considered the question of when a debtor's interest in trust income is property of his bankruptcy estate:

> Section 541(a)(1) of the Bankruptcy Code provides that the filing of a petition creates an estate including "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 541(c)(2) excludes from the estate certain property in the form of a trust subject to a transfer restriction enforceable under applicable non-bankruptcy law.

---

**6.** The complaint states that the trust became irrevocable upon the death of the settlor, that the debtor is a "discretionary beneficiary of the trust income," and that the debtor is a "beneficiary of the trust corpus, payable upon the death of Doris Webster Britton." (Complaint at ¶¶ 6–8.)

**7.** Section 52–321(a) provides:

> Except as provided in sections 52–321a and 52–321b:

Only trusts enforceable under state law as spendthrift trusts are excludable from property of the estate. Under Connecticut law, a trust which creates a fund for the benefit of another, secures it against the beneficiary's own improvidence, and places it beyond the reach of his creditors is a spendthrift trust. Spendthrift trusts are further defined by state statutory law, Conn. Gen.Stat. § 52–321(a),[7] which exempts from claims of creditors [income from] trusts in which the trustee has a right to accumulate or withhold income from the beneficiary.

*In re Robbins,* 211 B.R. 2, 4 (Bankr. D.Conn.1997) (citations and internal quotation marks omitted).

The trust document provides that:

> [T]he trustees other than the Settlor's said wife, acting alone, shall from time to time pay to or apply for the benefit of any one or more of the following persons, viz.: The Settlor's said wife and any issue of the Settlor, all or so much of the net income and/or principal of Trust B as it in its sole discretion deems advisable for the support, maintenance and/or education of the respective beneficiaries; any net income not so paid or applied shall from time to time be added to principal.

(Trust Document Art. Seventh B(1).)

The trust document gives the corporate trustee the discretion to determine wheth-

> (a) If property has been given to trustees to pay over the income to any person, without provision for accumulation or express authorization to the trustees to withhold the income, and the income has not been expressly given for the support of the beneficiary or his family, the income shall be liable in equity to the claims of all creditors of the beneficiary.

Conn. Gen.Stat. § 52–321(a)(1991 & Supp. 2003).

er and how much of the trust's income and principal to distribute to the beneficiaries or to accumulate, thus satisfying the requirements of Conn. Gen.Stat. § 52–321(a) for establishing a spendthrift trust. The debtor has no rights in the income of the trust sufficient to make such rights property of the debtor's bankruptcy estate.

### C

■ Upon the death of the movant, the trust document provides that the trustees shall divide the remainder "into as many equal portions as there are at that time children of the Settlor, either living or represented by then living issue, and shall forthwith transfer, deliver and pay over one such portion, absolutely and free of trust, to each such living child who has attained his or her fortieth birthday." (Trust Document Art. Seventh B(2).) Any such child who is less than age forty at the time of the movant's death shall receive one-half of such payment upon attainment of age thirty (or the movant's date of death, if later) and the remaining one-half upon attainment of age forty. If the debtor does not survive the movant, his share portion shall be distributed to his then living issue per stirpes. (*Id.*)

In *In re Crandall*, 173 B.R. 836 (Bankr. D.Conn.1994), this court construed an inter vivos trust provision which provided that the debtor was to receive a share of the trust remainder after the death of the life beneficiary (his mother), if the debtor survived the life beneficiary. *Crandall* concluded that the debtor's interest in the trust remainder, whether considered contingent or vested subject to divestment, constituted property of the debtor's bankruptcy estate under § 541(a)(1).

Section 541(a)(1) provides that a debtor's estate upon commencement of the case comprises, *inter alia,* "all legal or equitable interests of the debtor in proper-

ty." The debtor at the commencement of his case held an interest in the Trust which he had acquired upon the execution of the Trust. *See Restatement (Second) of Trusts,* § 56 cmt. f, illus. 8 (1959) (describing such interest as "a contingent equitable interest in remainder"); *cf.* Austin W. Scott, *The Law of Trusts* § 57.1 (4th ed.1987) (stating that under such a trust, "the beneficiary at once acquires a future interest, although it is an interest subject to be divested by the exercise of the power [of the settlor to revoke or modify]"); *Burg v. Old Nat'l Bank,* 4 Wash.App. 773, 483 P.2d 1290, 1292, *modified,* 79 Wash.2d 849, 490 P.2d 731 (1971) (identifying this type of interest as "a vested remainder subject to complete defeasance"). In defining property of the estate, "Congress indicated its intention to include all legally recognizable interests, although they may be contingent and not subject to possession until some future time." *In re Knight,* 164 B.R. 372, 374 (Bankr. S.D.Fla.1994) (citing *In re Ryerson,* 739 F.2d 1423, 1425 (9th Cir.1984)). In the present case, the debtor's interest in the trust, regardless of nomenclature, is property of the estate.

*In re Crandall,* 173 B.R. at 839; *Cf. Gaynor v. Payne,* 261 Conn. 585, 593, 804 A.2d 170 (2002) ("That the contingent remainders ... are subject to a condition precedent ... is thus irrelevant; although that condition may never be fulfilled, that possibility does not alter the nature of the contingent remainder as an enforceable, presently existing property interest."). The debtor's interest in the trust remainder is property of the bankruptcy estate pursuant to § 541(a)(1).

### IV

### CONCLUSION

The court concludes that the trust income is exempt from the claims of the

**160**

debtor's creditors under Connecticut law, and, pursuant to Bankruptcy Code § 541(c)(2), not property of the debtor's bankruptcy estate. However, the court also concludes that the debtor has a property interest in the trust remainder. Because the debtor's interest in the remainder is property of his bankruptcy estate, the complaint to determine the plaintiff's interest in the trust states a claim upon which relief can be granted and the motion to dismiss the complaint is denied. It is

SO ORDERED.