**In re Roderick S. SPENCER and Judith Spencer, Debtors.**

**P.J. Zimmermann, Trustee, Plaintiff,**

**v.**

**Judith A. Spencer, et al., Defendants.**

**Bankruptcy No. RS01–18037MG.
Adversary No. RS02–1236MG.**

United States Bankruptcy Court,
C.D. California,
Riverside Division.

Feb. 23, 2004.

William M. Burd, Santa Ana, CA, for debtors.

P.J. Zimnmermann, Esq., Canyon Lake, CA, Chapter 7 Trustee.

## MEMORANDUM DECISION, OPINION & ORDER

MITCHEL R. GOLDBERG, Bankruptcy Judge.

### *INTRODUCTION*

Chapter 7 debtor, Judith Spencer ("Debtor") and her spouse Roderick Spencer[1], filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 8, 2001 ("Petition"). The chapter 7 trustee, P.J. Zimmermann ("Trustee") filed a complaint for declaratory relief, turnover of property and accounting.[2] Trustee contends that the Debtor's beneficial interest in her parents John and Dorothy Griffin's revocable inter vivos spendthrift trust is property of the estate. Debtor brought a motion for Judgment on the Pleadings in response to the Trustee's complaint. Trustee filed opposition and a cross-motion for judgment on the pleadings or, alternatively, for summary judgment. All parties agree that

---

1. Roderick Spencer, Debtor's spouse and co-debtor, asserts no interest in the Trust or in the estate of John Griffin.

2. William Burd of Burd & Naylor appeared on behalf of Spencer and Wayne Johnson of appeared on behalf of the Chapter 7 Trustee.

there are no disputed facts and that this proceeding requires only legal rulings by the Court. As such, all parties agree that this motion is similar to case motions for summary adjudication. This Court has jurisdiction under 28 U.S.C. section 157(b)(1).

For the reasons set forth in this memorandum and order, the Court finds that the bankruptcy estate is not entitled to the Debtor's interest in the John and Dorothy Griffin revocable intervivos trust. Judgment will be rendered in favor of Debtor.

## STATEMENT OF FACTS

The facts are not disputed. On May 8, 2001, the date of filing, Debtor was a contingent beneficiary of a revocable inter vivos spendthrift trust, the Griffin Family Trust ("Trust"), which was created on September 3, 1987 by Debtor's parents, John and Dorothy Griffin ("Trustors"). Pursuant to Article II of the Trust, the Trust was revocable in whole or in part at any time during the lifetime of either Trustor. The Trust, under Article I paragraph E, provided the following anti-alienation restriction:

> "The interest of the remainder beneficiaries in principal or income shall not be subject to claims of their creditors or others, nor to legal process, and may not be voluntarily nor involuntarily alienated or encumbered."

The sole asset of the Trust was real property, commonly described as 4332 Hayman Avenue, La Canada–Flintridge, Califor-

nia.[3] The Trust provides that on the death of both Trustors, Debtor shall become trustee, and if Debtor is unable to serve in that capacity for any reason, Dennis Griffin, Debtor's brother, shall become trustee. Upon the death of the last remaining Trustor, Article I of the Trust further provides that the trustee shall "distribute all of the remaining corpus of said Trust, including any accrued and undistributed income, equally to . the children of the Trustors. . . ." Debtor's mother, Dorothy Griffin, died prior to the filing of the Petition. John Griffin died on November 1, 2001, within 180 days of the filing of the Petition.

The Trustee's position is that the estate is entitled, pursuant to either 11 U.S.C. section 541(a)(1), and/or 541(a)(5)(A), to the Debtor's beneficial interest in this revocable inter vivos spendthrift trust.[4]

## ANALYSIS

A. *The Trustors Created a Valid Revocable Inter Vivos Spendthrift Trust that Precludes the Debtor's Interest in the Trust from Being Included in the Bankruptcy Estate under Section 541(a)(1)*

Section 541(a)(1) defines property of the estate broadly to include "all legal or equitable interests of the Debtor in property as of the commencement of this case." *See § 541(a)(1)*. Section 541((c)2), however, excludes from property of the estate, trusts with restrictions on the transfer of a beneficial interest of the debtor to the extent that such restriction is enforceable under applicable nonbankruptcy law.[5] In this matter, California Probate

3. Under John Griffin's will, Debtor and her brother were the beneficiaries. John Griffin's will names Debtor as the Executrix of his estate. Among the items of personal property owned by John Griffin at the time of his death were certain bank accounts. Debtor does not dispute that any items of property which she is entitled to receive under the will, that was not property of the Trust, are property of the

Bankruptcy Estate, pursuant to 11 U.S.C. section 541(a)(5)(A).

4. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101 –1330.

5. Specifically, § 541(c)(2) provides "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable

Code § 1530 is the applicable non-bankruptcy law. This section pertains to spendthrift provisions in California trusts and provides as follows:

> "(a) Except as provided in subdivision (b) ..., if the trust instrument provides that a beneficiary's interest in principal is not subject to voluntary or involuntary transfer, the beneficiary's interest in principal may not be transferred and *is not subject to enforcement of a money judgment until paid to the beneficiary.*" (Emphasis added.)

This provision enforces anti-alienation clauses, such as the spendthrift provision found in the Griffin Family Trust. California has also recognized the need to place limitations on the immunities of anti-alienation clauses. Indeed, Trustee cites to California Probate Code section 15301(b). Subsection(b) provides in relevant part:

> "(b) [a]fter an amount of principal has become due and payable to the beneficiary under the trust instrument, ..., the court may make an order directing the trustee to satisfy the money judgment out of that principal amount. The court in its discretion may issue an order directing the trustee to satisfy all or part of the judgment out of that principal."

This provision permits a creditor to reach principal that is **due or payable** to the beneficiary, notwithstanding a spendthrift provision in a trust. Provided the property remains in trust and is not due or payable, the property is not alienable where a valid spendthrift provision is in effect.

Trustee further argues that this Trust should be viewed as testamentary in nature for the reasons discussed in more detail *infra.* If the Trustee is correct that the Trust is a testamentary trust, rather than a valid inter vivos spendthrift trust, then Trustee's position as to the applicability of California Probate Code section 15301(b) may be correct. Trustee argues that the Trust became testamentary when the last trustor died and there are no successor beneficiaries, thereby making the spendthrift provision unenforceable under California Probate Code section 15301(b). According to the Trustee, if this trust was testamentary, then section 541(c)(2) is inapplicable and the property in the trust would be declared an asset of the estate under section 541(a)(1) or an inheritance under section 541(a)(5). (*But see* the recent case of *Birdsell v. Coumbe (In re Coumbe)* 304 B.R. 378 (9th Cir. BAP 2003)) (holding that a testamentary trust with valid spendthrift provision was excluded from the bankruptcy estate).

While there is no controlling case directly on point, the Court finds the reasoning of the recent case *In re Roth,* 289 B.R. 161 (Bankr.D.Kan.2003) persuasive. The facts in *Roth* are strikingly similar to the facts at hand. Edmund and Martina Roth created a revocable inter vivos trust with a spendthrift clause. *Id.* at 163–164. Both Trusts provided for payment of last expenses and neither Trust provided for the corpus of the Trust to be retained upon the death of the last trustor. *Id.* at 164. Within 180 days of the filing, the last trustor in both cases, died. *Id.* The trustee in the *Roth* case sought to bring into the estate, pursuant to section 541(a), the trust *res. Id.* at 164. Neal objected on the basis that the trust property was not property of the estate on Neal's petition date, under section 541(a)(1), because of the exclusion contained in section 541(c)(2), for valid spendthrift trusts; and because the property did not subsequently pass to Neal, within 180 days by "bequest, devise, or inheritance," as required by section

under applicable nonbankruptcy law is en-

forceable in a case under this title."

541(a)(5)(A). *Id.* The court in *Roth* first determined if the trust was property of the estate under section 541(a)(1). *Id.* at 165.

 An asset is determined to be estate property by examining the nature of the asset **on the date the bankruptcy petition was filed**. *See § 541(a)(1); see also In re West,* 64 B.R. 738, 744, n. 12 (Bankr.D.Or.1986), *aff'd,* 81 B.R. 22 (9th Cir. BAP 1987). The *Roth* court acknowledged, as does this Court, that the existence and nature of the Debtor's interests in property are determined by nonbankruptcy law. *In re Roth,* 289 B.R. at 165. The court held that under Kansas law, the spendthrift clause set forth in the Roth Trust was valid. As such, "neither Neal's creditors nor transferees had any right to rely upon the Trust for the satisfaction of their claims." *Id.* at 165, *citing Johnson v. Morawitz,* 292 F.2d 341, 344 (10th Cir. 1961). Thus, Neal had no interest in the Roth Trust assets at the time he filed his Petition and therefore, those potential assets were not property of the estate. *In re Roth,* 289 B.R. at 166.

The same is true in the case at hand. Even if this Court acknowledges that the spendthrift provision became unenforceable upon the death of the last trustor, the spendthrift provision was valid and enforceable, under California law, at the time Debtor filed her Petition, as Mr. Griffin was alive on that date. *See California Probate Code § 15301(a) and (b).* This is because at the time of the Petition, the Trust was fully revocable by the Trustor and "neither [Debtor's] creditors nor transferees had any right to rely upon the Trust for the satisfaction of their claims." *In re Roth,* 289 B.R. at 165; see also, *Burton v. Ulrich, (In re Schmitt),* 215 B.R. 417, 422 (9th Cir. BAP 1997) (concluding that under either California or Oregon law, an interest in a revocable trust was not a property right because the inter vivos trust was revocable when the bankruptcy was filed). Moreover, because the spendthrift clause was still valid on the date of the Petition, the Trust would have been excluded from the bankruptcy estate under section 541(c)(2). *See, In re Coumbe,* 304 B.R. 378 (9th Cir. BAP 2003). As such, this Court concludes that because Judith Spencer, under state law, had no property interest in the Trust assets at the time she filed bankruptcy and because the spendthrift provision was still valid under state law on the date of the Petition, the potential Trust assets were not property of the estate pursuant to section 541(a)(1).[6]

---

6. Trustee argued that even if this Court rejected every argument the bankruptcy estate would still be entitled to 25% of the one-half share of the Griffin Trust (i.e., 12.5% of the Trust assets) because the Ninth Circuit has held that a contingent interest in trust (as of the petition date) is property of the bankruptcy estate and that pursuant to California Probate Code, § 15306.5(c)—any anti-alienation clause in a trust agreement only protects 75% of the assets of the trust. *See In re Neuton,* 922 F.2d 1379 (9th Cir.1990) (holding that contingent interests in a trust constitute property of the estate under § 541(a)(1), even if they are contingent); *but see Burton v. Ulrich (In re Schmitt),* 215 B.R. 417, 421 (9th Cir. BAP 1997) (distinguishing *Neuton* by stating that *Neuton* does not apply to revocable living trusts as the trust in *Neuton* had become

irrevocable prior to the bankruptcy petition.) The Trustee states that *Schmitt's interpretation* of *Neuton* relied on *Kloos v. Dias (In re Dias),* 37 B.R. 584, 586–87 (Bankr.D.Idaho 1984) (holding that a beneficial interest in a trust is an equitable interest under § 541(a)(1) despite the fact that at the time of filing it was contingent). However, *Dias* dealt with a beneficiary's interest in an inter vivos trust for support and education with distributions to be made within the "sole discretion" of the trustee. No spendthrift provision was at issue. The only contingency to the distributions, at the time of the petition, was based on age. Based on this, the Court finds the *Schmitt* distinction between revocable and irrevocable trusts an important consideration in determining that a beneficial contingent

**B.** *Section 541(a)(5)(A) is Inapplicable as Debtor's Interest in the Trust Did Not Pass by Way of Bequest, Devise or Inheritance*

 As did the court in *Roth*, this Court must still answer the question whether Debtor's interest in the Trust became property of the estate pursuant to § 541(a)(5). *See In re Roth*, 289 B.R. at 165. Section 541(a)(5)(A) provides that upon the commencement of a case under bankruptcy, an estate is created that is comprised of

"(5) [a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—(A) by bequest, devise, or inheritance; ...."

*Section 541(a)(5)(A)*. There is no dispute among the parties that the Debtor's interest in the Trust was acquired within 180 days after the filing of the petition. The issue before this Court, as in the *Roth* case, "is whether the Debtor acquired the property by way of 'bequest, devise, or inheritance.'" *In re Roth*, 289 B.R. at 166. In *Roth*, the court looked at the Kansas statute to define the terms of bequest, devise, or inheritance as involving transfers of property by way of will or intestate succession. *Id.* at 166–67. Similarly, this Court must now turn to California law. California has determined that "devise" means a "testamentary disposition of land" whereas "legacy" or "bequest" mean a like disposition of personalty. *Estate of Cochran*, 30 Cal.App.3d 892, 898, n. 2, 106 Cal.Rptr. 700 (1973). In 1983, the California legislature determined that the distinction was no longer necessary and amended the California Probate Code to provide:

"Devise," when used as a noun means a disposition of real property or personal property by will, and, when used as a verb, means to dispose of real or personal property by will.

*California Probate Code § 32.*

Trustee urges this Court, however, to determine that the Griffin Trust was, in reality, testamentary in nature. Trustee states the Trust is not a "true" revocable inter vivos spendthrift trust because it has the elements of a testamentary trust. Trustee cites *Richardson v. McCullough (In re McCullough)*, 259 B.R. 509 (Bankr. D.R.I.2001) which defined testamentary trusts or "will substitute" trusts as instruments through which property passes via a trust by way of devise or bequest, typically characterized by the immediate transfer of the trust assets to the beneficiaries upon the death of the last trustor. In contrast, the Trustee argues that "true" inter vivos spendthrift trusts are typically designed to immediately provide regular income for a beneficiary, regardless of whether the trustor lives or dies. *See e.g., Canfield v. Security First National Bank of Los Angeles*, 8 Cal.App.2d 277, 280, 48 P.2d 133 (Cal.Ct.App.1935) (identifying a valid inter vivos spendthrift trust where the beneficiaries have creditors waiting to seize assets and where the beneficiaries have demonstrated an inability to manage or save money). To further bolster Trustee's position that the Griffin Trust should be considered testamentary in nature, Trustee argues that inter vivos spendthrift trusts do not contain provisions requiring the trustee to pay the burial expenses of the Trustors. *See In re McCullough*, 259 B.R. at 520 (stating that "[t]here can hardly be a clearer expression of testamentary intent than a direction by the testator to pay

interest does not exist on the date of the petition. Hence, under the facts of this case,

this Court need not reach the discussion of California Probate Code § 15306.5.

funeral and burial expenses...."). *But see, In Re Roth,* 289 B.R. at 163 for a contra position. This Court is not persuaded that the trust is testamentary simply because the Griffin Trust explicitly provides that upon the death of the last Trustor, the trustee was to distribute all of the remaining corpus of the Trust to the beneficiaries and, in addition, provided for the payment of burial expenses under Article I of the Trust.

■ California law is clear, "[t]rusts are ... classified as either testamentary or inter vivos, depending upon whether they become effective after the death of the settlor or during the settlor's lifetime." 60 Cal. Jur.3d Trusts § 2; *see also, Black's Law Dictionary,* 7th Edition (1999), pp. 1516 and 1518 (defining testamentary trusts as trusts created by will and takes effect when the settlor dies, in contrast to an inter vivos trust which is created by the grantor and takes effect during the settlor's lifetime). *See also, In re Roth,* 289 B.R. at 167, n. 2. Moreover, California courts recognize that an inter vivos trust does not constitute a testamentary disposition. *See e.g., Bucholtz v. Belshe,* 114 F.3d 923, 925–926 (9th Cir.(Cal) 1997) (holding that in California creditors may not pursue the beneficiaries of inter vivos trusts to recover the costs of Medi–Cal services, but could pursue people who received property held by decedent in the form of tenancy in common or community property); *see also In re Schmitt,* 215 B.R. at 422–423; n. 2 (stating that section 541(a)(5)(A) does not concern inter vivos trust, *citing, In re Neuton,* 922 F.2d 1379, 1381 (9th Cir. 1990)) (dealing (albeit) with irrevocable inter vivos trusts); *Tennant v. John Tennant Memorial Home,* 167 Cal. 570, 140 P. 242 (1914); 60 Cal. Jur.3d Trusts § 27 (stating "the fact that the settlor of an inter vivos trust both reserves a life estate and retains a power of revocation does not

make the trust invalid as being testamentary in character.") Other circuits have also reached the same conclusion. *See e.g., Magill v. Newman,* 903 F.2d 1150, 1154 (7th Cir.(Ill.) 1990) (holding that property interests obtained from revocable inter vivos spendthrift trusts are not interests by way of bequest, devise or inheritance bringing such property within the bankruptcy estate); *In re Roth,* 289 B.R. at 167 (citing additional cases and noting that the case of *In re McCullough,* 259 B.R. at 519, relied upon by the Trustee, was determined to be a testamentary disposition because the trust was funded solely by the proceeds of Juliet McCullough's life insurance policy and the proceeds were to be distributed only after her death. Thus, no present interest in property passed to the trustee at its inception); and *In re Crandall,* 173 B.R. 836 (Bankr.D.Conn.1994) (discussing extensively the origins of section 541(a)(5)(A) and concluding that a debtor's interest in an inter vivos trust is not property of the estate under section 541(a)(5)(A)).

Of all the cases cited, only the court in *Crandall* discussed at length that the revision to the Bankruptcy Act of 1898 included inherited assets received by a debtor within six months of filing bankruptcy. *In re Crandall,* 173 B.R. at 838. The court in *Crandall* made clear that the Bankruptcy Reform Act of 1978 did not place within the 180–day window established by section 541(a)(5) devices generally described as "will substitutes" and acknowledging that one of the most common will substitutes is the revocable inter vivos trust. *Id.* There is no denying that the Griffin Trust was a revocable inter vivos trust, and under *Crandall,* one categorized as a "will substitute" as the Trustee so urges this Court to adopt. Indeed, in *Crandall,* the court acknowledged the reasonableness of the argument that revocable inter vivos trusts are testamentary in nature. *Id.* However,

the court in *Crandall* recognized two important distinctions. First, "'will substitutes are simply 'nonprobate wills'—each reserves to the owner complete lifetime dominion, including the power to name and to change beneficiaries upon death.'". *In re Crandall*, 173 B.R. at 838; *quoting*, John H. Langbein, *The Nonprobate Revolution and the Future of the Law of Succession*, 97 Harv.L.Rev. 1108, 1109 (1984). Second, and most importantly, the court in *Crandall* recognized that federal courts are to interpret the words of the Bankruptcy Code according to their plain meaning:

> "The court is constrained to give a narrow construction to the words 'bequest, devise, and inheritance' and to conclude such words in their plain meaning do not encompass revocable inter vivos trusts. This conclusion is buttressed by the holding of the Second Circuit in *Klebanoff v. Mutual Life Ins. Co.*, 362 F.2d 975 (2d Cir.1966). *Klebanoff* dealt with a bankruptcy trustee's claim to the proceeds of life insurance to which the debtor became entitled within six months of the petition date. [FN5] The trustee had argued that the "technical property terms in § 70(a) should be interpreted broadly to encompass insurance proceeds." *Id.* at 979. The court rejected that argument as "spurious for, in this case, we are construing a bankruptcy statute and not embellishing principles of common law." *Id.* The court recognized that "it would have been reasonable and appropriate for Congress to have included insurance proceeds within this section if it so desired. But, it failed to do so and in these circumstances, we cannot and should not step into the breach."

*Id.* at 839. The court in *Crandall*, ultimately concluded that the debtor's interest in the revocable inter vivos trust was not property of the estate within the meaning of section 541(a)(5)(A).[7] To further support its holding, the court in *Roth* added that at the time section 541(a)(5)(A) was added to the Bankruptcy Code, "Congress expressly contemplated, in a different context, the use of inter vivos trusts in passing title to property" under section 7 of the White Earth Reservation Land Settlement Act of 1985. *In re Roth*, 289 B.R. at 168; *citing, 25 U.S.C. section 331 (repealed 2000)*. Indeed, the court in *Roth* stated that it "cannot simply assume that Congress intended to include every vehicle for transferring property upon death in § 541(a)(5), since [Congress] clearly understood the concept of trusts in passing other federal statutes in the same time frame." *Id.* at 168.[8]

7. The Court in *Crandall* also held that the interest in the inter vivos trust was property of the estate under § 541(a)(1). This Court, based on the discussion of California law, rejects this position.

8. Assuming the Trustee could somehow prevail in convincing this court that the Griffin Trust was testamentary, in light of the recent BAP decision of *In re Coumbe*, 304 B.R. 378, 2003 WL 23194283 (9th Cir. BAP 2003), the Trustee would not prevail on the section 541(a)(5)(A) argument. In Coumbe, the BAP indicated that whether a distribution from a testamentary trust is a "bequest, devise, or inheritance within the meaning of § 541(a)(5)(A) and thus property of the estate... turns on whether the distribution is from the corpus or income." *Id.* At 4. In Coumbe the debtor was entitled to and did indeed acquire the $20,000 trust property within 180 days after the bankruptcy. As explained in Coumbe, a bankruptcy trustee can assert no claim to the corpus of a spendthrift trust. *Id.* The lower court failed to determine how the $20,000 was allocated between income and corpus distributions and, therefore, the BAP remanded the case back to the bankruptcy court. Here, the only property in the Griffin Trust that Debtor was entitled to acquire after Mr. Griffin's death and within 180 days after the bankruptcy filing was realty. Therefore, it is logical that the distribu-

Based on the foregoing, this Court must also conclude that section 541(a)(5)(A) does not operate to include interests in property transferred to a debtor by way of inter vivos trust. The revocable inter vivos Trust was not testamentary in nature and, thus, the Trust interest did not pass to the Debtor, Judith Spencer, by way of "bequest, devise or inheritance."

### CONCLUSION

In conclusion and for the reasons set forth above, this Court must find for the Debtor, Judith Spencer. The Trust at the time of the Petition date was not property of the estate under section 541(a)(1), nor did Debtor's interest in the inter vivos Trust pass by way of bequest, devise or inheritance within the meaning of section 541(a)(5)(A).

### ORDER

Therefore, it is

ORDERED, Debtor, Judith Spencer is entitled to Judgment on the Pleadings, Points and Authorities presented, and after oral argument of all counsel. The Trust and property interest from the inter vivos Trust are not property of this bankruptcy estate.

tion from the Griffin Trust can only come from the corpus and not the income of this spendthrift trust. Based on the foregoing,

Trustee could claim no interest in the Griffin Trust under section 541(a)(5)(A).